**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**STEPHANIE BRISTER and
MELISSA ROBERTS**                                              **PLAINTIFFS**

**V.**                                  **CIVIL ACTION NO. 1:25-cv-00361-HSO-BWR**

**CRETE CARRIER CORPORATION**                              **DEFENDANT**

**ORDER GRANTING AMENDED MOTION TO COMPEL**

BEFORE THE COURT is the Amended Motion to Compel [17] filed by Defendant Crete Carrier Corporation. Having reviewed the submissions of the parties, the record, and the applicable law, the Court finds that Defendant's Amended Motion to Compel [17] should be granted.

## I.  BACKGROUND

This action arises from a motor vehicle accident that occurred on December 30, 2023, in Harrison County, Mississippi. Compl. [1]. Plaintiffs allege that "[a]s a result of the actions of the defendant's employee and agent, . . . the plaintiffs each suffered serious personal injuries . . . as well as other special damages." *Id.* at 2.

Defendant served Plaintiffs with interrogatories and requests for production, which included HIPAA-compliant medical authorizations from Plaintiffs, on or about February 9, 2026. Def.'s Mot. [17] at 1; Ex. A [17-1] and Ex. B [17-2] to Mot. Pursuant to the Court's Case Management Order [9], pre-discovery disclosures were due by February 10, 2026, and Plaintiffs were ordered to execute appropriate, HIPAA-compliant medical authorizations. Case Management Order [9] at 2-3.

Plaintiffs provided their initial disclosures on February 10, 2026, but failed to

provide the computation of their alleged damages. Plaintiffs stated, "A computation of damages beyond medical expenses incurred to date has not been completed but will be supplemented." *See* Ex. C to Mot. [17-3] at 2. Plaintiffs failed to timely respond to Defendant's discovery requests, which were due by March 11, 2026.

The Court held a telephonic discovery conference on March 25, 2026, pursuant to Defendant's request, and ordered Plaintiffs to provide discovery responses on or before April 9, 2026.

On April 13, 2026, after Plaintiffs failed to serve their discovery responses as ordered by the Court, Defendant filed its initial Motion to Compel [13], requesting the Court to "enter an order compelling the Plaintiffs to fully, completely, and under oath respond to the Defendant's outstanding discovery requests within ten (10) days of entry of the order and provide the signed medical authorizations and computation of damages by the same deadline." Mot. [13] at 2-3.

On April 15, 2026, six days after the deadline ordered by the Court, Plaintiffs served their discovery responses. Defendant states that the responses were incomplete and insufficient, the interrogatory responses were not signed by the Plaintiffs, and no HIPAA-complaint medical authorizations were provided. On April 20, 2026, Defendant sent Plaintiffs' counsel a good faith letter detailing the deficient responses and requesting supplementation by Friday, April 25, 2026. *See* Ex. G to Mot. [17-7].

On April 28, 2026, Defendant filed its Amended Motion to Compel [17], stating that Plaintiffs have failed to supplement their discovery responses or their initial

disclosures (including the computation of Plaintiffs' damages), and have failed to provide the executed medical authorizations. Defendant requests an award of the reasonable attorney's fees and costs incurred in preparing and filing the instant Motion [17] and Memorandum Brief [18], as well as the initial Motion to Compel [13] and participation in the discovery conference.

Plaintiffs failed to file a response to the initial Motion to Compel or the Amended Motion to Compel.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Considerations include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* "[I]nformation is relevant if it encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) (citation and quotation marks omitted).

"Discoverable information is not limited to admissible evidence, but includes anything reasonably calculated to lead to the discovery of admissible evidence." *Id.*

3

(citation and quotation marks omitted). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

"[A] party may move for an order compelling disclosure or discovery" when the other party "fails to make a disclosure required by Rule 26(a)" or "fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(1), (a)(3). This Court has broad discretion in ruling on discovery motions. *McCollum v. Puckett Mach. Co.*, 628 F. App'x 225, 227 (5th Cir. 2015).

### A. Plaintiffs Shall Execute the HIPAA-Compliant Medical Authorizations

Under Mississippi Rule of Evidence 503, "[a] party whose pleadings place in issue any aspect of that party's physical, mental, or emotional condition thereby–and to that extent only–waives the privilege." Miss. R. Evid. 503(f). "[T]his Court has held that by asserting a claim for emotional distress and mental anguish, Plaintiff has placed in issue any mental or physical conditions of Plaintiff which could have led to the claimed damages." *Taylor v. Smith & Nephew, Inc.*, No. 3:18-cv-234-DPJ-JCG, 2019 WL 13207593, at *2 (S.D. Miss. Oct. 24, 2019) (internal quotation marks and citation omitted).

As a result of the auto accident, Plaintiffs claim they suffered "serious personal injuries . . . as well as other special damages to be shown at the trial of this matter." Compl. [1] at 2. In their initial disclosures, Plaintiffs state, "[a] computation of damages beyond medical expenses incurred to date has not been completed but will be supplemented." *See* Ex. C to Mot. [17-3] at 2.

Plaintiffs have provided no details as to their alleged "serious personal injuries" or "special damages," and have not supplemented their computation of damages. To the extent Plaintiffs are claiming any damages for mental anguish, emotional distress, or other mental conditions, Plaintiffs have placed their physical and mental conditions at issue, thereby waiving the physician-patient privilege. *See Gemmill v. All. for Affordable Servs.*, No. 3:08-cv-650-HTW-LRA, 2010 WL 623626, at *1 (S.D. Miss. Feb. 18, 2010) ("Plaintiff has put at issue her physical and emotional conditions by filing this lawsuit, and has broadly waived the Physician-Patient privilege."); *Taylor*, 2019 WL 13207593, at *2 ("Although Plaintiff contends that only his right hip is at issue . . ., this Court has held that by asserting a claim for emotional distress and mental anguish, Plaintiff has placed in issue any mental or physical conditions of Plaintiff which could have led to the claimed damages.") (citation modified).

In response to Request for Production No. 24, requesting Plaintiffs to execute a HIPAA authorization form for the release of Plaintiffs' medical records, from January 1, 2013 to present, Plaintiffs stated: "Objection is made to the disclosure of medical records for parts of the body not placed into controversy by this accident. A reasonably tailored HIPAA authorization will be executed." *See* Ex. F to Mot. [17-6] at 17, 35. Yet, to date, no authorization has been executed.

The Court will not require Plaintiffs' medical providers to limit their production of Plaintiffs' medical history to certain conditions or body areas. *Gemmill*, 2010 WL 623626, at *1; *Taylor*, 2019 WL 13207593, at *3. "Defendant is entitled to

5

discover Plaintiff's medical history outside of the strict areas complained about, as Defendant may develop alternative theories about the cause of injuries through a holistic analysis of Plaintiff's medical history." *Gemmill*, 2010 WL 623626, at *2; *Taylor*, 2019 WL 13207593, at *3.

The Court finds that the time period in the medical authorizations, dating back approximately ten years prior to the accident, is reasonable. Further, Plaintiffs have raised no objection to the time period. *See Taylor*, 2019 WL 13207593, at *3 (finding plaintiff's medical records for the past ten years relevant and proportional). Further, in the event that the records produced under the medical authorizations reveal that records dating back earlier than ten years may be relevant and discoverable, the Court leaves the door open for Defendant to seek an amended medical authorization to include such records. *See Carter v. Ill. Cent. R.R. Co.*, No. 4:24-cv-007-MPM-JMV, 2025 WL 1983037, at *4 (N.D. Miss. Feb. 14, 2025), R.&R. *adopted*, 2025 WL 1981205 (N.D. Miss. July 16, 2025) ("[T]he acquisition of medical records (physical or mental) for a ten-year period prior to the date of the subject accident (and for the years since that date) would be appropriate, with the specific caveat that should such records reveal a reasonable potential that medical records (physical or mental) from even earlier years would be relevant, that issue could be taken up at that time.").

### B.    Plaintiffs Must Supplement Their Discovery Responses and Initial Disclosures

Defendant identifies ten of Plaintiffs' Responses to Defendant's First Set of Interrogatories that are deficient and in need of supplementation: Interrogatory Nos. 4, 5, 9, 12, 13, 15, 16, 19, 21, and 23. The Court agrees that these responses are non-

responsive, insufficient, and/or otherwise require supplementation. For Interrogatory No. 16, Plaintiffs shall respond as to whether, within the last twenty (20) years, they have suffered any injuries from any accident. However, the remaining information requested in Interrogatory No. 16 should be limited to the last <u>ten</u> years, and not twenty years, as requested.

Plaintiffs are further reminded that they are each required to sign their interrogatory responses under oath. *See* Fed. R. Civ. P. 33(b)(3), (5) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."; "The person who makes the answers must sign them, and the attorney who objects must sign any objections.").

Defendant also argues that six of Plaintiffs' Responses to Requests for Production are deficient and require supplementation: Request Nos. 3-5, 10, 18, and 24. The Court agrees that these responses are non-responsive, insufficient, and/or otherwise require supplementation.

Finally, Plaintiffs are required to supplement their initial disclosures to provide the computation of their alleged damages. *See* Fed. R. Civ. P. 26 (a)(1)(A)(3) ("[A] party must . . . provide to the other parties . . . a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.").

## C.   Defendant is Entitled to Attorney's Fees and Costs

Defendant seeks reasonable attorney's fees and costs incurred in preparing and filing both motions to compel and for its participation in the discovery conference regarding the subject discovery disputes. Defendant states that it notified Plaintiffs via its second good faith letter dated April 20, 2026, that it would be seeking attorney's fees if it were forced to file the Amended Motion to Compel. Plaintiffs did not respond to the good faith letter or the Amended Motion to Compel.

Rule 37(a)(5)(A) provides that when a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

This Court "has the authority to impose monetary sanctions for discovery related violations under Rule 37 of the Federal Rules of Civil Procedure." *Maggette v. BL Dev. Corp.*, No. 2:07-cv-181-M-A, 2010 WL 11489130, at *2 (N.D. Miss. Sept. 23, 2010); *see also Life Ins. Co. of N. Am. v. Ard*, No. 5:14-cv-18-DCB-MTP, 2015 WL 1925719, at *2 (S.D. Miss. Apr. 28, 2015) ("A trial court generally has wide discretion to award sanctions related to violations of its orders and inappropriate

conduct by attorneys or parties."); *Provenza v. Witt-Stamps*, No. 1:09-cv-191-LG-RHW, 2011 WL 2680690, at *3 (S.D. Miss. July 8, 2011) ("Rule 37 sanctions are entrusted to the discretion of the trial judge and should be imposed to adequately protect the discovery process.") (internal citation and quotation marks omitted).

Generally, "if a motion to compel discovery responses is granted, the court is required to impose monetary sanctions unless the imposition is unjustified or the motion was not filed in good faith." *Maggette*, 2010 WL 11489130, at *2; *Mendy v. Copeland*, No. 3:25-cv-15-MPM-JMV, 2026 WL 673751, at *1 (N.D. Miss. Mar. 10, 2026) ("[T]he award of costs is mandatory pursuant to Rule 37 where the motion to compel is meritorious.").

As previously noted, Plaintiffs did not bother to respond to either motion to compel filed by Defendants. Plaintiffs have fallen far short of showing that their nondisclosure, insufficient responses, objections, or failure to supplement were substantially justified. Thus, pursuant to Fed. R. Civ. P. 37(a)(5)(A), because this Court finds that the Amended Motion to Compel is meritorious and should be granted, Plaintiffs are required to pay Defendant's reasonable expenses incurred in making the Amended Motion to Compel [17] and Supporting Memorandum [18], including attorney's fees. Defendant's request for expenses and attorney's fees in preparing the original Motion to Compel [13] and for participating in the discovery conference is denied.

## III. CONCLUSION

Plaintiffs shall execute the HIPAA-compliant medical authorizations as requested by Defendant. Plaintiffs shall serve supplemental responses to the deficient discovery responses noted herein and shall supplement their initial disclosures.

**IT IS, THEREFORE, ORDERED**, that:

1. Defendant's Amended Motion to Compel [17] is **GRANTED**. Plaintiffs shall provide the signed medical authorizations and supplement their deficient discovery responses and initial disclosures as noted herein within ten days.

2. Defendant's request for an award of attorney's fees and reasonable expenses for the preparation and filing of the Amended Motion to Compel [17] and Memorandum [18] is **GRANTED**. On or before June 2, 2026, Defendant's counsel shall file his motion for fees and expenses, which must be supported by an affidavit and itemization of fees and expenses incurred in connection with filing the Amended Motion to Compel [17] and Supporting Memorandum [18]. If no motion for fees is filed, the request may be denied.

3. On or before June 9, 2026, Plaintiffs shall file their response, if any, to the motion and itemization of fees and expenses.

4. Defendant's initial Motion to Compel [13] is **DENIED** as moot.

5. Defendant's request for expenses and attorney's fees in preparing the original Motion to Compel [13] and for participating in the discovery conference is **DENIED**.

**SO ORDERED**, this the 19th day of May, 2026.

*s/* *Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE